Jerome JOHNSON, pro se,
Plaintiff–Appellant,

v.

CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, Defendant–Appellee.

No. 12–17624.

United States Court of Appeals,
Ninth Circuit.

---

Submitted April 7, 2014.*

Filed April 15, 2014.

Jerome Johnson, Las Vegas, NV, pro se.

Na'Il Benjamin, Esquire, Jonathan C. Rolnick, San Francisco City Attorney's Office, San Francisco, CA, for Defendant–Appellee.

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Jerome Johnson appeals pro se from the district court's summary judgment in his employment action against the City and County of San Francisco alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir.2013), and we affirm.

The district court properly granted summary judgment on Johnson's disability discrimination claim because Johnson failed to raise a genuine dispute of material fact as to whether the City terminated him because of a perceived disability. *See id.* at 955 (elements of prima facie case of disability discrimination under the ADA). Moreover, even assuming that Johnson raised a triable dispute as to the prima facie case, Johnson failed to raise a triable dispute as to whether the City's legitimate,

nondiscriminatory reason for terminating his employment was pretextual. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093–94 (9th Cir.2001) (under the ADA, if an employee establishes a prima facie case and the employer provides a nondiscriminatory reason for its adverse action, the employee must raise a triable dispute as to pretext).

The district court properly granted summary judgment on Johnson's retaliation claim because Johnson failed to raise a genuine dispute of material fact as to whether there was a causal connection between any protected activity and his termination. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849–50 (9th Cir.2004) (discussing prima facie case of retaliation under the ADA).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

